UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,           :

            - v -                   :    05 Cr. 471 (LMM)

AGYEI TABI,                         :    MEMORANDUM AND ORDER

            Defendant.              :

------------------------------------x

McKENNA, D.J.,

**1.**

The above defendant moves, pursuant to Fed. R. Crim. P. 17(g), for an order compelling compliance with three subpoenas duces tecum, all dated October 5, 2005, addressed to the record keepers at (i) the United States Postal Inspectors Office ("Postal Inspectors"), (ii) Citigroup's New York City Headquarters ("Citigroup"), and (iii) the New York City Police Department ("NYPD"). The Postal Inspectors and NYPD have appeared, opposing the motion and seeking orders quashing the subpoenas; Citigroup has not opposed the motion, but the United States Attorney has suggested that the subpoena issued to Citigroup ought not be enforced.

In United States v. Nixon, 418 U.S. 683 (1974), the Supreme Court addressed the issue of the showing necessary to enforce a subpoena duces tecum issued under Fed. R. Crim. P.

17(c).[1]  After noting that, in its decision in <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214 (1951), it had "recognized certain fundamental characteristics of the subpoena <u>duces tecum</u> in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases; (2) its chief innovation was to expedite the trial by providing a time and place <u>before</u> trial for the inspection of subpoenaed materials," 418 U.S. at 698-99 (emphasis added) (citation omitted), the <u>Nixon</u> court then adopted the formulation of the necessary showing of Judge Weinfeld in <u>United States v. Iozia</u>, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).

> Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

<u>Nixon</u>, 418 U.S. at 699-700 (footnote omitted). The Court summarized the burden as requiring a showing of "(1) relevancy; (2) admissibility; (3) specificity." <u>Id.</u> at 700. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." <u>Id.</u> at 701 (citation omitted).

---

[1] Rule 17(c) as quoted in <u>Nixon</u>, 418 U.S. at 698, has since been amended several times. The Court does not understand the <u>Nixon</u> standard to have been modified.

2

2.

The subpoenas addressed to the Postal Inspectors and the NYPD seek, respectively, production of "[a]ny and all reports and complaints regarding a stolen check investigation in 2002 relating to Agyei Tabi and Jakatina Tax Service . . . ." (Subpoena to Postal Inspectors [Smith Aff. Ex. B]) and "[a]ny and all reports and complaints regarding an investigation relating to Agyei Tabi at Jakatina Tax Service . . . in or about April 2003 out of the 40th Precinct Detective Squad . . . ." (Subpoena to NYPD [Smith Aff. Ex. D])

The indictment charges defendant with conspiring, in or about January of 2003, to defraud the United States, in violation of 18 U.S.C. § 286, "by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims, to wit, falsely and fraudulently claimed income tax refunds." (Indictment, ¶ 6.) The indictment refers to conduct in 2002. (Id., ¶¶ 2 & 3.)

The Postal Inspectors' investigation is said to have related to four stolen Social Security and Unemployment Insurance checks deposited in 2002 into an account of Jaketina Tax Services owned by defendant, concerning which defendant was questioned by agents of the Postal Inspectors. In addition to stating that the checks were subpoenaed by a grand jury that returned the present indictment (or a predecessor grand jury), defendant argues that the facts that the investigation did not result in any charges against

defendant and that defendant cooperated with the Postal Inspectors is exculpatory evidence of defendant's state of mind at a time shortly prior to the conduct alleged in the indictment.

The NYPD investigation is said to have related to "a complaint they [the 40th Precinct Detective Squad] had received from an individual whose information was used to file tax returns such returns were filed by Jakatina Tax Service." (Letter, defense counsel to Sgt. Cappello, Dec. 6, 2005, at 1 [Smith Aff. Ex. D]). Detectives are said to have seen Internal Revenue Service refund checks for complainants in defendant's desk. (Id.) Again, defendant argues that he cooperated with the NYPD and that no charges were brought by it against defendant, and that these facts go to defendant's state of mind.

In the cases of the subpoenas to the Postal Inspectors and to the NYPD, defendant has not shown that the materials sought are sufficiently relevant to be subject to a Rule 17 subpoena. That the materials (if admissible) might show that defendant was not charged with respect to conduct that was investigated does not, logically, mean that defendant did not engage in the conduct with which he is charged in the indictment.

Furthermore, most of the files sought from the Postal Inspectors, if not all, appear to consist of law enforcement investigative files, and, to that extent, are not subject to a Rule 17 subpoena, by reason of the provisions of Fed. R. Crim. P.

4

16(a)(2). See United States v. Cherry, 876 F. Supp. 547, 549-51 (S.D.N.Y. 1995).

In addition, most of such materials, if not all, will necessarily consist of hearsay, and so do not satisfy the admissibility requirement of Nixon. See Cherry, 876 F. Supp. at 552-53. Nor is the material producible as impeachment material. Id. at 553.

The subpoenas addressed to the Postal Inspectors and the NYPD are quashed.

**3.**

The subpoena addressed to Citigroup seeks production of "[a]ll books and records including, but not limited to any and all investigative documents, reports, letters, emails and account information including all withdrawals and deposits for the entire life of the account until present relating to Agyei Tabi at Jakatina Tax Service . . . ." (Subpoena to Citigroup [Smith Aff. Ex. C]) Defendant has received monthly statements and defense counsel has stated that he has spoken with a Mr. Rapp (a Citigroup investigator) who had told him he would requisition his archived file and contact defense counsel, but that has not, as yet, occurred.

The subpoena addressed to Citigroup will not be quashed. Citigroup has not objected, and, given counsel's representation as to his conversation with Mr. Rapp, who appears to be able to

5

identify a specific archived file responsive to the subpoena, there is no basis for characterizing the subpoena as "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Fed. R. Crim. P. 16(a)(2) does not apply in the case of Citigroup.

However, there is no need at the present time to enter an order enforcing the subpoena addressed to Citigroup. Defendant's counsel should follow up with Mr. Rapp.

Mr. Levy should forward copies of this decision to the Postal Inspectors and the NYPD. Mr. Smith should forward copies to those persons at Citigroup with whom he has previously communicated.

                      SO ORDERED.

Dated: March 8, 2006

                                  _____
                                  Lawrence M. McKenna
                                  U.S.D.J.