

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 27, 2024

**BY ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *United States v. Tabi*, 05 Cr. 471 (JGLC)**

Dear Judge Clarke:

The Government respectfully submits this letter in advance of the sentencing of defendant Agyei Tabi on a violation of supervised release. For the reasons set forth below, the Government submits that a sentence of time served and a six-month extension of supervised release would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

## I. Offense Conduct

Between 2002 and 2003, Tabi used his tax preparation business to file false tax returns with the IRS in order to claim Earned Income Tax Credits on behalf of people who did not qualify for them. Tabi split the proceeds with a co-conspirator. Tabi pled guilty, on July 10, 2007, to one count of conspiracy to file false claims with the Internal Revenue Service, in violation of Title 18, United States Code, Section 286. He was sentenced to 30 months' imprisonment, followed by three years' supervised release, on August 27, 2007. (Dkt. 46). He was ordered to pay $161,207.18 in restitution. (Dkt. 47). His supervision began September 10, 2007. Tabi was initially compliant with the terms of his supervision, including by making payments toward his restitution order, until he absconded from supervision in September 2008 at about the time he began treatment for colon cancer. Attempts by the United States Probation Office (the "Probation Office") to contact Tabi by phone, mail, and at his home were unsuccessful. The Probation Office charged Tabi with two violations of his supervision, namely, that he failed to report to his probation officer on numerous occasions and failed to notify the Probation Office of a change of address beginning in and around the fall of 2008. At the recommendation of the Probation Office, Judge Lawrence M. McKenna issued a warrant for Tabi's arrest in January 2009 "so the offender can be brought before the Court." (Dkt. 48).

Tabi was arrested on December 15, 2023, on the outstanding warrant while attempting to board an Ethiopian Air flight to Togo. He was presented before Magistrate Judge Stewart D. Aaron on December 18, 2023, and ordered detained pending his satisfaction of conditions of

release, including a personal recognizance bond, travel restrictions, location monitoring, and home detention. (Dkt. 51). The case was re-assigned to Your Honor on December 18, 2023. (Dkt. 50). Tabi satisfied the conditions of release, and was released from detention, on December 22, 2023. (Dkt. 52).

## II. The Admission and the Guidelines Calculation

On February 26, 2024, Tabi admitted both specifications of the violation report. Because the specifications alleged violations of supervision, rather than of a federal, state, or local offense, they constitute Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3). Upon a finding of a Grade C violation, the Court may revoke supervised release or "extend the term of . . . supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3. Because Tabi's criminal history category was category I at the time he was originally sentenced to a term of supervision, his criminal history category for the purpose of revocation is category I. *See* U.S.S.G. § 7B1.4. Accordingly, in case of revocation, the Government agrees with the Probation Office that Tabi's resulting Guidelines sentencing range is 3 to 9 months' imprisonment.

Any period of incarceration the Court may impose may not exceed two years. *See* 18 U.S.C. § 3583(e)(3). The authority of the Court to revoke a term of supervised release, order the defendant to serve a term of imprisonment, and/or order a further term of supervised release is extended "for any period reasonably necessary for the adjudication of matters arising before [the term of supervised release's] expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i).

The United States Probation Office recommends that the Court revoke Tabi's current term of supervised release and re-impose a term of supervised release up to one year.

## III. Discussion

In imposing a term of supervised release, as well as in modifying or revoking such a term, the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the applicable guidelines or policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3583(c), (e). "[A] sentence for a violation of supervised release should primarily sanction the defendant's 'breach of trust,' not the conduct constituting the violation itself." *United States v. Ramos*, 979 F.3d 994, 1002 (2d Cir. 2020).

The Government respectfully submits that given the nature and circumstances of the offense, the history and characteristics of the defendant, and the defendant's criminal history, a sentence of time served, to be followed by a further term of supervised release of six months, would be sufficient, but not greater than necessary, to serve the purposes of sentencing in this case.

A six-month extension of supervision reflects the seriousness of the defendant's decision to abscond from his term of supervised release and stop paying restitution, but also accounts for

Tabi's health, his lack of any further criminal history over the subsequent fifteen years, and his otherwise compliant record on supervision. Moreover, the Government has conferred with the United States Probation Officer who has supervised Tabi since December 2023, who reports that Tabi has resumed restitution payments and maintains a stable residence and employment. The Probation Officer reported that the defendant is the most cooperative supervisee to whom he is currently assigned. A six-month extension of supervision would also be consistent with the recommendation of the Probation Office. An additional period of supervision will ensure that Tabi remains on track in making the progress he has maintained since his original offense conduct.

Given the defendant's compliance with his conditions of bail pending this proceeding, the Government recommends that no modifications be made to the defendant's original conditions of supervision.

For the foregoing reasons, the Government recommends that Your Honor revoke the defendant's current term of supervision, impose a sentence of time served, and further impose a six-month extension of supervised release.

Sincerely,

DAMIAN WILLIAMS
United States Attorney

By: ______________________________
Ryan T. Nees
Assistant United States Attorney
Southern District of New York
ryan.nees@usdoj.gov
212-637-1595

Cc: Edward Sapone, Esq. (via ECF)
Daveena Tumasar, United States Probation Officer (via email)

The sentencing scheduled for April 1, 2024 is ADJOURNED to April 2, 2024 at 11:00 a.m. in Courtroom 20C, 500 Pearl Street, New York, New York. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 62.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: April 1, 2024
New York, New York